# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53917-9-II |
| Respondent, | |
| v. | |
| JOSEPH EDWARD ONEAL, | UNPUBLISHED OPINION |
| Appellant | |

LEE, C.J. — Joseph E. Oneal appeals the imposition of a $200 criminal filing fee and a $100 domestic violence penalty assessment as legal financial obligations (LFOs).  The State concedes that Oneal is indigent and that the challenged LFOs should be stricken.  We accept the State's concession and remand to the trial court to strike the criminal filing fee and domestic violence penalty assessment.

## FACTS

A jury found Oneal guilty of second degree assault—domestic violence for an incident involving his girlfriend.  On Oneal's judgment and sentence, the trial court imposed a $200 criminal filing fee and a $100 domestic violence penalty assessment.

On Oneal's judgment and sentence, the trial court did not check the box indicating that it found Oneal to be indigent.  But the trial court entered an order finding Oneal indigent for purposes of an appeal.

Oneal appeals the trial court's imposition of the criminal filing fee and domestic violence penalty assessment.

ANALYSIS

Oneal contends that the $200 criminal filing fee and the $100 domestic violence penalty assessment should be stricken from his judgment and sentence.

Here, the trial court imposed a criminal filing fee. The State concedes that Oneal is indigent, and therefore, the criminal filing fee was improperly imposed.

Sentencing courts are prohibited from imposing discretionary costs on a defendant who is indigent, including criminal filing fees. RCW 36.18.020(2)(h); *State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018). The criminal filing fee is a discretionary cost that may not be imposed on an indigent defendant. RCW 36.18.020(2)(h). Therefore, we accept the State's concession.

The State also concedes that the domestic violence penalty assessment should be stricken. The domestic violence penalty assessment is not mandatory. *See* RCW 10.99.080(1) (penalty assessment "may" be imposed). Because this fee is discretionary and the State concedes that it should not have been imposed in this case, we accept the State's concession.

Accordingly, we remand to the trial court to strike the criminal filing fee and the domestic violence penalty assessment.

No. 53917-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Glasgow, J.